**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Ellis Edwin BOLDING,**
**Defendant–Appellee,**

**United States Sentencing Commission,**
**Amicus Curiae.**

**No. 88–5820.**

United States Court of Appeals,
Fourth Circuit.

Argued April 11, 1989.

Decided June 2, 1989.

Gregory Charles Sisk (Douglas Letter, Appellate Staff Civ. Div., Dept. of Justice, Washington, D.C., Breckinridge L. Willcox, U.S. Atty., Roann Nichols, Asst. U.S. Atty., Baltimore, Md., John R. Bolton, Asst. Atty. Gen., Washington, D.C., on brief), for plaintiff-appellant.

Fred Warren Bennett, Federal Public Defender (Stephen J. Cribari, Deputy Federal Defender, M. Brooke Murdock, Beth M. Farber, Asst. Federal Public Defenders, Baltimore, Md., on brief), for defendant-appellee.

(John R. Steer, Gen. Counsel, U.S. Sentencing Com'n, Paul M. Bator, Andrew L. Frey, Kenneth S. Geller, Stephen G. Gilles, Mayer, Brown & Platt, Chicago, Ill., on brief), for amicus curiae U.S. Sentencing Com'n.

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

K.K. HALL, Circuit Judge:

The United States government appeals from an order sentencing Ellis Edwin Bolding to two years for his conviction for escaping from federal custody, in violation of 18 U.S.C. §§ 751(a) and 2. The district court concluded that the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq. [the Act] was unconstitutional and, therefore, sentenced Bolding without regard to the Sentencing Guidelines promulgated pursuant to the Act. We reverse and remand for imposition of a sentence in accordance with the Guidelines.

## I.

On February 12, 1988, Bolding was convicted of escaping from federal custody. Acting to resolve a pretrial motion by which Bolding sought to have the Act declared unconstitutional, the judges of the District of Maryland issued an en banc Memorandum Opinion declaring that the Act violated both the separation of powers and due process provisions of the Constitution. The sentencing court then entered an order on April 14, 1988, which declared that the Act was unconstitutional for the reasons stated in the en banc opinion. On April 26, 1988, an order was entered sentencing Bolding under pre–Guidelines law to two years on the escape conviction.[1] This appeal followed.

## II.

We held this case in abeyance pending the decision of the United States Supreme Court in *Mistretta v. United States.* On January 12, 1989, the Court rendered its decision in *Mistretta,* — U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), and held that the Act violated neither the non-delegation doctrine nor the separation of powers principle of the Constitution. This holding controls the parallel issues raised by Bolding, but left unanswered the due process question. We turn then, to this residual challenge to the Act.

After ruling that the Act violated the separation of powers principle, the district court addressed the due process issue as follows:

> Of related and equal concern to this institutional infirmity is a broader problem of due process—a concern for the fair treatment of each defendant. We do not hold that the Constitution guarantees to a defendant (at least in non-capital cases) "individualized sentencing." However, when a definite sentence is not statutorily mandated, a defendant being deprived of his liberty pursuant to a statute which sets a sentencing range is constitutionally entitled to an articulated ex-

ercise of discretion by the judge before whom he appears rather than to the mechanical application of formulae adopted by non-constitutional commissioners invisible to him and to the general public. The essence of due process is accountability, reason and a fair opportunity to be heard. These cannot be replaced by any administrative code, however extensively considered or precisely drawn.

*United States v. Bolding,* 683 F.Supp. 1003, 1005 (D.Md.1988). Although Bolding concedes that a court's discretion may be limited by a statute establishing a definite sentence, he contends that a statute which sets a range of potential sentences creates a "sphere of discretionary power which is inherently judicial in nature." *Id.* at 1004. The guidelines, it is argued, deprive a defendant of his due process right to be sentenced by the court as an individual, with due regard to the characteristics which distinguish him from other defendants. This contention is fatally undercut by *Mistretta.*

## III.

In the wake of *Mistretta,* the focus of the attacks on the Act has shifted. However, it is clear that the due process issue cannot survive the Supreme Court's determination that the Guidelines were promulgated in a constitutionally proper manner. Each of the circuits which has addressed the issue has concluded that the Act and the Guidelines do not violate the constitutional guarantee of due process. *United States v. Frank,* 864 F.2d 992 (3rd Cir. 1988); *United States v. Allen,* 873 F.2d 963 (6th Cir.1989); *United States v. Brittman,* 872 F.2d 827 (8th Cir.1989); *United States v. Seluk,* 873 F.2d 15 (1st Cir.1989); *United States v. Vizcaino,* 870 F.2d 52 (2nd Cir. 1989); *United States v. White,* 869 F.2d 822 (5th Cir.1989) (per curiam). It is undisputed that Congress may enact mandatory and determinate sentencing laws, and it follows that Congress may effect the same circumscription of sentencing discretion through the delegation of such power to

---

1. It is undisputed that the Guidelines, if constitutional, would apply to Bolding and that the Guidelines call for a sentence in the 33–41 month range, plus a two-year period of supervised release and a fine of $3,000 to $30,000.

the Guidelines Commission. As the court noted in *White*, "[i]f Congress can remove the sentencing discretion of the district courts, it certainly may guide that discretion through the guidelines." *Id.* at 825. We join our sister circuits in holding that the Act and the Guidelines promulgated thereunder do not violate the due process clause of the Fifth Amendment. Accordingly, we reverse and remand the matter to the district court for imposition of sentence in accordance with the applicable Guidelines.

REVERSED AND REMANDED.