887 F.2d 1081
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frankie Levern KING, Defendant-Appellant.
 No. 89-5506.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 19, 1989.
Decided: Oct. 4, 1989.
 
 Rodney Shelton Toth, James F. Wyatt, on brief, for appellants.
 Thomas J. Ashcraft, United States Attorney, Harry Thomas Church, Assistant United States Attorney, on brief, for appellee.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Frankie Levern King was convicted upon a plea of guilty of conspiracy to possess with intent to distribute and distribute thirty kilograms of cocaine, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. He was sentenced under the Sentencing Guidelines to eighteen months imprisonment, plus a $20,000 fine and a five-year period of supervised release. He appeals solely on the ground that the Guidelines violate the due process and separation of powers guarantees of the Constitution because they unconstitutionally circumscribe the discretion of the sentencing courts. Because this argument has been recently rejected by this Court, we affirm.
 
 
 2
 In Mistretta v. United States, --- U.S. ---, 109 S.Ct. 647 (1989), the Supreme Court rejected the challenge to the Guidelines that Congress impermissibly delegated its power to the Guidelines Commission. A remaining challenge, not addressed by the Mistretta opinion, was that due process and separation of powers require that a sentencing court be permitted to exercise a degree of discretion not permitted by the purportedly mechanistic approach of the Guidelines. In United States v. Bolding, 876 F.2d 21 (4th Cir.1989), we rejected this argument on the basis of Mistretta; if Congress could constitutionally delegate to the Guidelines Commission the power to formulate sentencing guidelines, and since there is no question that Congress itself could have limited the sentencing court's discretion, it followed that Congress could similarly guide that discretion through the Guidelines. In fact, in his brief to this Court filed prior to the Bolding decision, King concedes that Bolding would be dispositive of his appeal. We agree.
 
 
 3
 AFFIRMED.