888 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff--Appellee,
v.
Jose Joaquin BORONAT, Defendant--Appellant.
UNITED STATES of America, Plaintiff--Appellee,
v.
Jorge Alberto RESTREPO, Defendant--Appellant.
 No. 88-5187.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 15, 1989.
Decided Oct. 11, 1989.
 
 John K. Zwerling (Kevin B. Zeese, Zwerling, Mark, Sutherland, Ginsberg & Lieberman, P.C., Maria R. Hamar, Hamar & Hamar, on brief) for appellants.
 Karen Ingrid Skrivseth (Henry E. Hudson, United States Attorney, on brief) for appellee.
 Before MURNAGHAN, SPROUSE, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Although the appellants Jose Joaquin Boronat and Jorge Alberto Restrepo pled guilty to narcotic offenses in the district court, they moved that the court declare the sentencing guidelines[1] unconstitutional as violating their fifth amendment due process rights. The district court declined to reach the constitutional question, but entered sentence under the guidelines. Boronat and Restrepo appeal. Restrepo also contends that the district court improperly allocated to him the burden of proof on the issue of sentence enhancement in applying the guidelines. We affirm the convictions relating to both appellants.
 
 
 2
 Restrepo and Boronat were both arrested after Restrepo negotiated with a drug administration informant concerning the distribution of multi-kilogram quantities of cocaine, and Boronat, acting as a courier, delivered twelve kilograms of cocaine to Restrepo for delivery to the informant. The record revealed contacts between Restrepo and his brother-in-law, a cocaine dealer in Columbia residing at times in the United States. After arrest, both appellants were indicted on one count of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. Secs. 841(a)(1) and 846; on one substantive count of possession with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1); and on one count of use of the telephone to facilitate distribution in violation of 21 U.S.C. Sec. 843(b). They were also indicted on separate counts of traveling in interstate commerce to distribute cocaine in violation of 18 U.S.C. Secs. 1952(a)(3) and 2. After indictment, Boronat pled guilty on the conspiracy count. The remaining counts were dismissed. Restrepo pled guilty on the conspiracy count, the Travel Act count, and the facilitation count. The substantive count of possession was dismissed.
 
 
 3
 Thereafter, the district court sentenced Boronat pursuant to the sentencing guidelines to seventy months in prison followed by a five-year term of supervised release. The court, under the sentencing guidelines, sentenced Restrepo to a total of 168 months in prison to be followed by five years of supervised release.
 
 
 4
 The principal contention of both appellants is that the sentencing guidelines violate the fifth amendment of the United States Constitution. After their briefs were submitted, this court decided United States v. Bolding, 876 F.2d 21 (4th Cir.1989), holding that the sentencing guidelines do not violate any due process rights to individualized sentencing. Bolding disposes of the due process argument made by both Boronat and Restrepo.
 
 
 5
 The district court decided that Restrepo had engaged in narcotics activities in addition to those described in the indictment and determined the base offense level to be at 34--two more than the level 32 which would have been selected had the quantity of cocaine considered been restricted to twelve kilograms as charged in the indictment. In addition to his general due process argument, Restrepo contends that the district court improperly placed the burden on him to prove that he had only engaged in the twelve kilograms transaction charged in the indictment. He urges that the district court's imposition of the burden of proof on him in this respect is violative of the fifth amendment as was the district court's application of a standard of proof permitting the government to prove enhancement facts by less than a reasonable doubt standard. This court in United States v. Urrego-Linares, 879 F.2d 1234 (4th Cir.1989), decided that the burden of proof required for establishing facts upon which the sentencing adjustments are applied rests on the party advocating the application of a particular guideline. In the case of a contention for reduction of sentence, the burden of proof is upon the defendant to prove the facts upon which he bases his contentions. In the case of a government proposal of enhancement, the burden is on the government to establish the appropriate facts. In either case, the affected party must carry the burden by a preponderance of the evidence. Id. at 1239.
 
 
 6
 Here, the government had the burden to establish by a preponderance of the evidence that Restrepo was responsible for trafficking in a greater amount of cocaine than the twelve kilograms described in the indictment. A review of the record convinces us that it easily met that burden. The judgments of the district court are affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 The Sentencing Reform Act of 1984, 18 U.S.C. Secs. 3551 et seq