907 F.2d 1140
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Ronald C. HOLLINGER, Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellant,
v.
Michael TAPP, Defendant-Appellee.
 Nos. 88-5208, 88-5209.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 3, 1989.
Decided June 12, 1990.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-88-110-JFM)
 Lisa M. Griffin, Assistant United States Attorney, Baltimore, Md. (Argued), for appellant; Breckinridge L. Willcox, United States Attorney, on brief.
 Clarence William Sharp, Randallstown, Md; Richard P. Bricken, Frederick, Md., for appellees.
 D.Md.
 VACATED AND REMANDED.
 Before K.K. HALL and WILKINS, Circuit Judges, and HARRISON L. WINTER,* Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The United States appeals the sentences imposed on codefendants Michael Tapp and Ronald C. Hollinger, contending that (a) Tapp's sentence, six months of confinement in a halfway house and five years probation, was imposed outside of the sentencing guidelines and is therefore an illegal sentence, and (b) Hollinger's sentence, thirty-six months imprisonment plus a three-year supervised release, is an unwarranted downward departure from the guidelines.
 
 
 2
 We agree with the government in both cases, and we vacate and remand for resentencing.
 
 I.
 
 3
 The facts of this case were admitted by the defendants in their guilty pleas. During a review and analysis of Express Mail receipts, postal authorities identified a pattern of suspicious mailings between the Orlando, Florida, area and Frederick, Maryland. Twenty-five Express Mail packages were addressed to defendant Hollinger in Frederick, seventeen were addressed to codefendant Steven Schlossberg in Daytona Beach, Florida, and three were sent from Hollinger to defendant Tapp at North Beach, Florida. After these suspicious mailings were discovered in January 1988, two narcotics detection dogs alerted on a package sent from Florida to defendant Hollinger. On February 4, 1988, a package from Hollinger to Tapp was opened pursuant to a search warrant; $3,600 in U.S. currency was discovered. The package was resealed and delivered to Florida, where Tapp picked it up. On March 22, 1988, after postal authorities discovered five ounces of cocaine in another package from Florida addressed to Hollinger in Frederick, Hollinger was arrested upon accepting delivery. The next day, Tapp was arrested. After his arrest, Tapp informed the authorities that Schlossberg was a cocaine dealer, and had persuaded Tapp to store cocaine in Tapp's apartment in Florida and to pick up packages for Schlossberg at a Daytona Beach post office.
 
 
 4
 Subsequently, Tapp, Hollinger, and Schlossberg were indicted for conspiracy to distribute cocaine (21 U.S.C. Sec. 841(a)(1)), and Hollinger and Schlossberg were indicted for possession with intent to distribute cocaine and unlawful use of a communication facility (21 U.S.C. Sec. 843(b), 18 U.S.C. Sec. 2). Defendants Tapp and Hollinger then pled guilty to the conspiracy count.
 
 
 5
 As part of the plea agreements, both defendants stipulated that three kilograms of cocaine were involved in the case and that the base offense level under the sentencing guidelines was 28. See United States Sentencing Commission, Guidelines Manual Sec. 2D1.1 (Oct.1988) [hereinafter "U.S.S.G." ]. The defendants and the government agreed that each had accepted responsibility for his offense and deserved a two-level reduction to level 26. See U.S.S.G. Sec. 3E1.1. The government also agreed that Tapp was a minor participant in the offense and so deserved a two-level reduction to level 24 pursuant to U.S.S.G. Sec. 3B1.2. The government agreed further to recommend reductions of one offense level to level 23 for Tapp and two offense levels to level 24 for Hollinger for their substantial assistance to authorities pursuant to U.S.S.G. Sec. 5K1.1.
 
 
 6
 In the presentence report prepared in Tapp's case, the Probation Office recommended a base offense level of 28 adjusted downward two levels to 26 for minor role and two levels to 24 for acceptance of responsibility. The report also recommended a departure of one level for substantial assistance and six additional levels to level 17 because of the defendant's emotional instability and "vulnerability to manipulation by more aggressive charismatic figures." The report stated that because Tapp had no prior convictions, he was in criminal history category I, with a sentence range of 51-63 months for offense level 24, and 24-30 months for offense level 17. U.S.S.G. Sec. 5A (sentencing table).
 
 
 7
 In Hollinger's presentence report, the Probation Office recommended a base offense level of 28, with a two-level downward adjustment to 26 for acceptance of responsibility. Because of Hollinger's one prior conviction, the report calculated his criminal history category at II, and set a sentence range of 70-87 months. The report, however, recommended a downward departure of two levels for substantial assistance and a departure to criminal history category level I because level II overstated the seriousness of Hollinger's record.
 
 
 8
 At Tapp's sentencing hearing, the government recommended a sentence within the guidelines range plus a one-level departure to level 23 for cooperation, which amounted to a sentence range of 46-57 months. Tapp's counsel recommended probation. After hearing argument, the district court sentenced Tapp to six months confinement in a halfway house and five years probation, stating:
 
 
 9
 I have no doubt that in this case the guidelines are ridiculous, and I cannot in good conscience impose a sentence under those guidelines, having found the law to be unconstitutional....
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 I have absolutely no doubt that for you to spend a substantial period of time incarcerated would serve no useful purpose whatsoever, to the extent that you've got to come to grips with things ..., and I think that this sentence is far more appropriate than that called for by the guidelines.
 
 
 13
 At Hollinger's sentencing hearing, the government recommended a two-level reduction to level 24 for substantial assistance, which amounted to a sentence range of 57-71 months (in criminal history category II). Hollinger's counsel asked the district court to sentence outside of the guidelines, and "as lenient as possible." The district court, although sentencing under the guidelines, awarded Hollinger the two-level reduction for substantial assistance, the departure to criminal history category I (which lowered the applicable sentence range to 51-63 months), and a further four-level departure, for a resulting sentence range of 33-41 months. The district court then imposed a sentence of thirty-six months imprisonment, three years supervised release, and a fine of $5,000. The district court explained that it awarded the four-level departure in order to bring Hollinger's sentence in line with that given to his codefendant Tapp. The government appeals both these sentences.
 
 II.
 A. Defendant Tapp
 
 14
 The reasons given for not applying the guidelines in Tapp's case, that they are unconstitutional and "ridiculous" in this particular instance, are of course not valid. Although the district court's action occurred after the United States District Court for the District of Maryland, sitting en banc, had struck down the sentencing guidelines as unconstitutional, see United States v. Bolding, 683 F.Supp. 1003 (D.Md.1988) (en banc), rev'd, 876 F.2d 21 (4th Cir.1989), both the Supreme Court and this court have found that the guidelines do not violate the constitution. Mistretta v. United States, --- U.S. ----, 109 S.Ct. 647 (1989); United States v. Bolding, 876 F.2d 21 (4th Cir.1989). Therefore, for all offenses which occur after November 1, 1987, district courts must impose a sentence within the applicable guideline range unless the court finds that a permissible reason for departure exists. 18 U.S.C.A. Sec. 3553(b) (West Supp.1989). Consequently, we vacate the sentence imposed and remand for resentencing under the range prescribed by the guidelines.[1]
 
 B. Defendant Hollinger
 
 15
 In Hollinger's case, the district court departed four additional levels beyond the two-level departure urged by the government for substantial assistance and the departure to criminal history category I recommended by the Probation Office.[2] The four-level departure was awarded so as to reduce the disparity between defendant Hollinger's sentence and that given to defendant Tapp. The government contends that this is not a valid reason for departure. We do not agree with this contention as a general matter, but we do agree that such a departure was not warranted in Hollinger's case.
 
 
 16
 By statute, the district court must sentence a convicted defendant to a term within the guideline range unless it finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." 18 U.S.C.A. Sec. 3553(b) (West Supp.1989). Cf. United States v. Bolden, 889 F.2d 1336, 1340 (4th Cir.1989) ("guidelines mandate that downward adjustments are appropriate only in the unusual case") (emphasis in original). Recently, we developed a two-prong test for reviewing decisions to depart from the guidelines. The first prong of the test requires the reviewing court to undertake a legal determination as to whether a particular aggravating or mitigating circumstance was "not adequately taken into consideration by the Sentencing Commission." The second prong permits the appellate court to affirm a departure only if the circumstance identified is found to exist in the particular case and "is of sufficient importance and magnitude to justify a departure." United States v. Summers, 893 F.2d 63, 66 (4th Cir.1990).
 
 
 17
 Applying the first prong of this test, we conclude, as did the panel in United States v. Daly, 883 F.2d 313, 319 (4th Cir.1989), that a district court may depart to remedy "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C.A. Sec. 3553(a)(6) (West Supp.1989); see also United States v. Bethancurt, 692 F.Supp. 1427, 1433-34 (D.D.C.1988) (sentencing courts may avoid "total lack of proportionality" in sentences of similarly situated defendants). However, we conclude that the desire to remedy disparities in the defendants' sentences was not proper "within the context of [this] particular case." Summers, 893 F.2d at 66. When the sentence of one defendant is imposed as a result of an incorrect application of the guidelines, or as a result of the non-application of the guidelines, then the sentence of the second defendant cannot be reduced so as to conform with the illegal first sentence. Consequently, the four-level reduction granted by the district court constituted an unreasonable departure from the guidelines.
 
 III.
 
 18
 Accordingly, we vacate the sentences imposed on defendants Michael Tapp and Ronald C. Hollinger and remand these cases to the district court for resentencing in accordance with the views expressed herein.
 
 
 19
 VACATED AND REMANDED.
 
 
 
 *
 Judge Winter participated in the hearing of this case at oral argument but died prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C. Sec. 46(d)
 
 
 [1]
 We thus reject Tapp's argument that a remand for resentencing violates the Fifth Amendment's Due Process Clause and the Eighth Amendment's prohibition against cruel and unusual punishment. Tapp maintains that a remand would offend these constitutional provisions because he has completed his six-month term in the halfway house. Although we note that the district court may credit Tapp with time served upon resentencing, see generally 18 U.S.C.A. Sec. 3585(b) (West Supp.1989), the remand does not offend the constitution. See United States v. Whitehead, 849 F.2d 849 (4th Cir.), cert. denied, --- U.S. ----, 109 S.Ct. 534 (1988)
 
 
 [2]
 The government does not challenge the district court's decision to depart from criminal history category II to category I, and we thus leave that determination undisturbed. Cf. U.S.S.G. Sec. 4A1.3, p.s. ("If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct ..., the court may consider imposing a sentence departing from the otherwise, applicable guideline range.")