39 F.3d 1179
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sherwin E. TAYLOR, a/k/a Mitchell Gatewood, Defendant-Appellant.
 No. 92-5878.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 6, 1993.
Decided Oct. 31, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-92-152-3)
 Scott Stapleton, Stapleton & Stapleton, Huntington, WV, for appellant.
 Michael W. Carey, U.S. Atty., Paul T. Farrell, Asst. U.S. Atty., Huntington, WV, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Sherwin Taylor pleaded guilty to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. Sec. 846 (1988). Taylor filed a timely pro se notice of appeal, and his counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), noting four issues but stating that no meritorious issues exist for appeal. Taylor has filed a supplemental brief.
 
 I.
 
 2
 The four issues noted by counsel deal with the application of the sentencing guidelines in this case. None of these issues has merit. The sentencing guidelines clearly apply to this offense, as it was committed after November 1, 1987. United States v. Polk, 905 F.2d 54, 55 (4th Cir.), cert. denied, 498 U.S. 985 (1990). We have reviewed the sentencing proceedings and find that the guidelines were applied[1] correctly. Moreover, the constitutionality of the sentencing guidelines is not in question. Mistretta v. United States, 488 U.S. 361 (1989); United States v. Bolding, 876 F.2d 21 (4th Cir.1989).
 
 II.
 
 3
 In his Supplemental Brief, Taylor asserts that the government induced him to plead guilty by assuring him that, as part of his plea agreement, he would be held responsible for 28.57 grams of cocaine base, resulting in a base offense level of 26.[2] Taylor was sentenced using a base offense level of 32, for a quantity of cocaine base between 50 and 150 grams. U.S.S.G. Sec. 2D1.1(8).
 
 
 4
 Our review of the record on appeal shows no basis for this claim. Neither the written plea agreement nor the transcripts of the plea colloquy and sentencing support Taylor's argument on appeal. Indeed, Taylor affirmed the nature of the plea agreement under oath at the sentencing hearing. Under these circumstances, Taylor cannot prevail. See United States v. DeFusco, 949 F.2d 114, 119 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (1992); see also Hartman v. Blankenship, 825 F.2d 26 (4th Cir.1987) (petitioner did not overcome barrier to impeachment of written plea agreement acknowledged in open court).
 
 III.
 
 5
 In accordance with Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. We therefore affirm Taylor's conviction and sentence. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A (1988)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for writ of certiorari.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 In fact, Taylor received a reduction for acceptance of responsibility despite evidence suggesting that he had obstructed the investigation in this case
 
 
 [2]
 In fact, the base offense level for 28.57 grams is level 28. U.S.S.G. Sec. 2D1.1(8)