UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                        No. 01-5011

SHAMAR RASHI HINES,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-239)

Submitted: September 30, 2002

Decided: November 8, 2002

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

## COUNSEL

Tanya L. Davis, BELSER & PARKE, Asheville, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Shamar Rashi Hines was convicted by a jury of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (2000) (Count One), distribution of 50.8 grams of cocaine base (crack), 21 U.S.C. § 841(a), (b)(1)(A) (2000) (Count Two), and possession with intent to distribute 125.8 grams of crack, 21 U.S.C. § 841(a), (b)(1)(A) (Count Three). The district court imposed the statutory maximum sentence of 120 months for Count One and a concurrent sentence of 375 months for Counts Two and Three. Hines appeals his conviction, alleging that the district court erred in refusing to instruct the jury on his defense of entrapment. He also appeals his sentence, contending that the district court clearly erred in denying him an adjustment for acceptance of responsibility, *U.S. Sentencing Guidelines Manual* § 3E1.1 (2001), and in increasing his sentence within the guideline for obstruction of justice. Hines further claims that his sentence violates the Eighth Amendment and that the federal sentencing scheme denied him an individualized sentencing and due process of law. We affirm in part and dismiss in part.

Hines sold a firearm to an undercover officer of the Bureau of Alcohol, Tobacco, and Firearms (ATF). He subsequently sold 50.8 grams of crack to the officer and arranged to sell four ounces of crack to him. Hines and John Inman, a co-defendant who was carrying the four ounces of crack, were arrested when they arrived for the sale. Dallas Kelly, the confidential informant who put the ATF officer in touch with Hines reportedly had known Hines since childhood. At trial, Hines insisted that he was innocent of the firearm charge and the second drug offense because he had not actually touched either the firearm or the four ounces of crack, and thus had not possessed them. He also requested an entrapment instruction, arguing that, while he had been trying to straighten out his life since his release from prison about eight months earlier, Kelly had repeatedly asked him to become

involved in selling guns and drugs. Hines' mother and girlfriend testified that Kelly and Hines were in frequent contact. However, Kelly began to work as a confidential informant for the ATF only two weeks before Hines sold the gun to the undercover officer. From Hines' first monitored conversation with the ATF officer through his arrest, he displayed no hesitation or reluctance to deal with the officer. In fact, before the firearm sale, Hines informed the officer that he could not obtain either of the guns he first promised, but said he had a different firearm available and named a price. After the sale, Hines offered the officer a magazine and ammunition for the weapon, which the officer bought.

The district court's refusal to give an entrapment instruction is a legal issue reviewed de novo. *United States v. Phan*, 121 F.3d 149, 154 (4th Cir. 1997). Entrapment is an affirmative defense which has two elements: government inducement and lack of predisposition by the defendant to commit the crime. *United States v. Sligh*, 142 F.3d 761, 762 (4th Cir. 1998). The defendant must first produce some evidence, "more than a scintilla," that the government induced him to commit the crime. *Id.* (quoting *United States v. Daniel*, 3 F.3d 775, 778 (4th Cir. 1993)). "Inducement . . . involves elements of government overreaching and conduct sufficiently excessive to implant a criminal design in the mind of an otherwise innocent party. Solicitation, by contrast, is the provision of an opportunity to commit a criminal act." *Daniel*, 3 F.3d at 763. "Mild forms of persuasion" are not inducement, *id.* at 779, but "certain kinds of persuasion or appeals to sympathy can be considered inducement for purposes of an entrapment defense." *United States v. Squillacote*, 221 F.3d 542, 569 (4th Cir. 2000) (citing *United States v. Montanez*, 105 F.3d 36, 39 (1st Cir. 1997), and *United States v. Jackson*, 700 F.2d 181, 191 (5th Cir. 1983)), *cert. denied*, 532 U.S. 971 (2001).

We are satisfied that Hines failed to show overreaching by the government. The fact that he accepted Kelly's invitation to crime, even if Kelly was a longtime friend, does not amount to government inducement. *See United States v. Romo*, 914 F.2d 889, 894-95 (7th Cir. 1990) (use of defendant's boyfriend as informant who introduced her to undercover officer was not government inducement). Moreover, Hines' testimony concerning his own reluctance to engage in crime is insufficient to counter the recorded trial evidence of his will-

ingness to sell guns and drugs. His predisposition to commit the crimes was evident, for example, in his willingness to sell a different firearm when he could not supply the one he first promised, and his offer to sell the magazine and ammunition.

We next find that the district court did not clearly err in denying Hines an adjustment for acceptance of responsibility. *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999) (stating standard). Hines argues that the assertion of an affirmative defense, such as entrapment, does not preclude an adjustment for acceptance of responsibility. Although his position has support, *see, e.g.*, *United States v. Garcia*, 182 F.3d 1165, 1172-74 (10th Cir. 1999) (affirming adjustment), the district court did not deny the adjustment because Hines had raised an entrapment defense, nor did it regard that defense as a barrier to the adjustment. Instead, the court found that Hines had not accepted responsibility for his conduct because, at trial, he insisted that he was innocent of the charges in Counts One and Three in that he had not actually possessed the gun or the crack. The court noted that Hines had not admitted his guilt, subject to the defense of entrapment.

Hines argues that he was simply confused about the legal meaning of constructive possession, but the record reveals that the concept of constructive possession was explained to Hines during the trial and that he was attempting to establish his factual innocence of Counts One and Three. Because he put the government to its burden of proof by denying the essential factual elements of guilt, the district court did not clearly err in denying him an adjustment for acceptance of responsibility.

Hines argues that the court clearly erred in adding twenty-four months to his sentence for obstruction of justice.[1] He also suggests that, in so doing, the court punished him for exercising his right to testify. In fact, the district court did not make an adjustment for obstruction of justice, but explained that it was imposing sentence above the lower part of the sentencing range because of Hines' evasive responses. The court was reluctant to find that Hines had given

---

[1]The 375-month sentence was fifteen months above the bottom of the guideline range of 360 months to life.

perjured testimony, but expressed scepticism about Hines' representation that he had been trying to rehabilitate himself and stay away from crime. The district court's decision as to where to impose sentence within a properly calculated guideline range is not reviewable. *United States v. Jones*, 18 F.3d 1145, 1151 (4th Cir. 1994). Consequently, we lack jurisdiction to review this claim.

Hines contends that a 375-month sentence for offenses involving "small amounts of crack cocaine" is cruel and unusual and grossly disproportionate to the crime. He concedes that this court has held that Eighth Amendment review applies only to sentences of death or life without parole. *United States v. D'Anjou*, 16 F.3d 604, 612 (4th Cir. 1994); *United States v. Thomas*, 900 F.2d 37, 39 (4th Cir. 1990), but asks us to reconsider our position on the issue. Because a panel of this court may not overrule the precedent set by a prior panel of this court, we reject his argument. *Mentavlos v. Anderson*, 249 F.3d 301, 312 n.4 (4th Cir.), *cert. denied*, 122 S. Ct. 349 (2001).

Hines also claims that the federal mandatory minimum sentencing scheme violates his right to individualized sentencing and due process of law.[2] He recognizes that this court has rejected similar claims. *See United States v. Kratsas*, 45 F.3d 63, 69 (4th Cir. 1995) (mandatory minimum sentence does not deprive defendant of individualized sentencing); *United States v. Bolding*, 876 F.2d 21, 23 (4th Cir. 1989) (sentencing guidelines do not deprive defendant of individualized sentencing). Again, he asks us to reconsider our prior decisions, which we may not do.

We therefore affirm the conviction and sentence. We dismiss that portion of the appeal which challenges the district court's discretionary decision as to where to impose sentence within the guideline range. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*

---

[2]This claim is puzzling as Hines' sentence was not determined by the 240-month mandatory minimum sentence for Counts Two and Three. There was no mandatory minimum sentence for Count One.