UNITED STATES of America, Appellee,

v.

Joseph Parker SELUK, Defendant, Appellant.

No. 88–1779.

United States Court of Appeals, First Circuit.

Heard March 2, 1989.

Decided April 27, 1989.

---

See also, 691 F.Supp. 525.

Robert D. Richman, Federal Defender Office, for defendant, appellant.

Victor A. Wild, Asst. U.S. Atty., with whom Frank L. McNamara, Jr., U.S. Atty., was on brief, for the U.S.

Before CAMPBELL, Chief Judge, COFFIN, Senior Circuit Judge, and BOWNES, Circuit Judge.

PER CURIAM.

■ This is an appeal from the sentencing of the defendant, Joseph P. Seluk, under the sentencing guidelines authorized by the Sentencing Reform Act, 28 U.S.C. § 991 *et seq.* Defendant's separation of powers challenge has been answered by the Supreme Court's recent decision in *United States v. Mistretta,* — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), which found the guidelines to be consistent with the separations of powers doctrine. The sole remaining issue is whether, as defendant asserts, the sentencing guidelines violate the due process clause. Because we conclude that they do not, we affirm.

■ The thrust of defendant's argument is that, first, federal criminal sentencing is regulated by the Fifth Amendment due process clause, and, second, by "mechanically" constricting the sentencing judge's discretion to weigh factors, and thereby effectively limiting the type of evidence that will be deemed relevant at a sentencing hearing, the guidelines violate due process. These assertions fall short in several respects.

While sentencing implicates due process, the Supreme Court has never held that a criminal defendant in a non-capital case has a due process right to an individualized sentence. Appellant concedes, as he must, that the Court has upheld criminal statutes that impose minimum or fixed sentences for specified crimes. *See, e.g., Ex parte United States,* 242 U.S. 27, 42, 37 S.Ct. 72, 74, 61 L.Ed. 129 (1916); *McMillan v. Pennsylvania,* 477 U.S. 79, 89–90, 106 S.Ct. 2411, 2418–19, 91 L.Ed.2d 67 (1986) (state minimum sentence commensurate with Fourteenth Amendment due process clause) ("[The state legislature] simply took one factor that has always been considered by sentencing courts to bear on punishment—the instrumentality used in committing a violent felony—and dictated the precise weight to be given that factor if the instrumentality is a firearm."); *see also Mistretta,* 109 S.Ct. at 650–51 (discussing history of Congress setting determinate sentences). We find the contention that Congress can constitutionally mandate a sentence for a particular crime, but cannot, consistent with due process, legislate a comprehensive but flexible sentencing scheme, to be counterintuitive at best. *Accord United States v. Frank,* 864 F.2d 992, 1008–10 (3d Cir.1988); *United States v. Vizcaino,* 870 F.2d 52 (2d Cir.1989).

To the extent appellant's arguments focus upon the constraints placed on the sentencing judge, and indirectly upon the parties, his argument is misguided in two respects. First, it gives short shrift to the

broad range of variables which the guidelines do take into account.[1] Traditional factors such as the defendant's criminal history, the degree of seriousness of the crime, as well as a more or less refined categorization of criminal offenses, all remain part of the sentencing procedure under the guidelines. A sentence under the guidelines continues to be highly "individualized" under the historically accepted criteria. Second, if a trial judge deems a particular factor not to have been adequately taken into account in the guidelines, he is permitted to depart from them:

> The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) [the sentencing guidelines] unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.

18 U.S.C. § 3553(b) (1988). *See also United States v. Russell,* 870 F.2d 18 (1st Cir. 1989). Of course, in order to determine whether to exercise this discretion, the defense counsel must argue, and the sentencing judge must consider, whether factors in a given case are sufficiently weighed within the guidelines formula. The guidelines allow for an evidentiary hearing to make this determination.

Finally, and perhaps most fundamentally, the purpose and thrust of the sentencing guidelines refute appellant's due process claim. We accept appellant's contention that the guidelines curtail the sentencing judge's discretion. But this result is necessary in order to achieve the legitimate goals of the Sentencing Reform Act. The guidelines were conceived and developed to avoid what many had perceived as a principal unfairness of the criminal justice system: the imposition of dramatically disparate sentences by different judges for like crimes committed in like circumstances. *See* S.Rep. No. 225, 98th Cong., 2d Sess. 38,

65, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3221 (referring to the "unjustifiably wide" disparities and "shameful" consequences of the indeterminate sentencing system); 18 U.S.C. § 3553(a)(6) (Supp. IV 1986). The strong hope is that rather than offend due process, the guidelines—properly administered—will greatly advance the fairness of criminal sentencing. Such is, in any event, the determination of Congress, which we are not prepared to upset.

*Affirmed.*

---

1. In fact, Congress considered and rejected straight determinate sentencing in order to maintain the flexibility necessary to adjust for unanticipated factors while striving to reduce sentencing disparities. *See* S.Rep. No. 225, 98th Cong., 2d Sess. 78–79 (1983), *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182.