**UNITED STATES of America, Appellee,**

v.

**Delbert L. LANE, Appellant.**

**No. 88–2507.**

United States Court of Appeals, Eighth Circuit.

Submitted April 26, 1989.

Decided Aug. 24, 1989.

Donald R. Cooley, Springfield, Mo., for appellant.

Gregory Johnson, Springfield, Mo., for appellee.

Before ARNOLD, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

Delbert L. Lane was sentenced to 21 months imprisonment following a guilty plea to one count of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). The only issue on appeal is the constitutionality of the Sentencing Guidelines. Lane claims

the guidelines are in violation of the separation of powers doctrine and his right to due process. We affirm the sentence imposed by the district court.[1]

Lane's separation of powers argument has been carefully considered and decided adversely to him by the Supreme Court in *United States v. Mistretta*, —— U.S. ——, 109 S.Ct. 647, 658–75, 102 L.Ed.2d 714 (1989).

Lane also contends that the guidelines so restrict judicial discretion that they deny him due process of law. He argues that the guidelines do not allow individual sentencing, but instead required a computerized and mechanical approach. Lane's argument has been rejected by this court in *United States v. Nunley*, 873 F.2d 182, 186 (8th Cir.1989), and *United States v. Brittman*, 872 F.2d 827, 828 (8th Cir.1989).

Lane further asserts that due process is offended by unduly restricting the availability of probation. We are not persuaded. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103–04, 60 L.Ed.2d 668 (1979); *cf. Hake v. Gunter*, 824 F.2d 610, 613–14 (8th Cir.1987).

We uphold the sentence imposed by the district court.

---

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.