908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gail WALDEN, Defendant-Appellant.
 No. 89-3528.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 24, 1990.*
Decided July 26, 1990.
 
 Before BAUER, Chief Judge, and CUMMINGS, and CUDAHY, Circuit Judges.
 
 ORDER
 
 1
 On June 20, 1989, defendant-appellant, Gail Walden, pleaded guilty to two counts of knowingly distributing lysergic acid diethylamide, commonly known as LSD, in violation of 21 U.S.C. Sec. 841(a)(1). On November 7, 1989, Walden was sentenced to a term of imprisonment of 72 months to be followed by 3 years of supervised release on each count to run concurrently and a special assessment of $100.00. Based upon Walden's total offense level of 26 and her criminal history category of II, her sentence is within the guidline range of 70 to 87 months. Walden does not take issue with the way in which the district court applied the guideline to determine her sentence.
 
 
 2
 Walden does take issue with the statutory and administrative provisions which make probation unavailable as an option to a judge sentencing someone in her position. Under 18 U.S.C. Sec. 3561(a)(2), probation is generally available unless the offense is one for which probation has been expressly precluded. Walden's is such an offense. See 21 U.S.C. Sec. 841(a), (b). Under guideline Sec. 5C1.1(f), if the minimum term of imprisonment in the applicable guideline range in the sentencing table is more than ten months, the minimum term must be satisfied by a sentence of imprisonment.
 
 
 3
 Walden filed in the district court a "MOTION FOR PROBATION, NOTWITHSTANDING ELIGIBILITY REQUIREMENT OF 18 U.S.C. SECTION 3561(a)(2)." The district court denied the motion and sentenced Walden to a term of imprisonment. Walden appeals challenging the constitutionality of Sec. 3561(a)(2) and guideline Sec. 5C1.1(f) on the grounds that the Sentencing Commission's restrictions on probation: (1) are not within the authority granted by the Sentencing Reform Act (Act); and (2) destroy the discretion of the district court by depriving it of the opportunity to determine, in all but the most innocuous offenses, whether the individual defendant before it should be sentenced to probation on the basis of the totality of the facts and circumstances, and, consequently, deprive her of her rights to be free from cruel and unusual punishment, to due process and to the equal protection of the law.
 
 
 4
 Walden's first argument is that the Commission exceeded its statutory authority by eliminating probation for major offenses. Walden does little more than state her contention. She cites United States v. White, 869 F.2d 822 (5th Cir.), cert. denied, 109 S.Ct. 3172 (1989), and suggests that this court not follow its lead, but does not explain why. In White, the Fifth Circuit addressed the validity of the Sentencing Commission's restrictions on probation and held that they were within the broad authority granted by the Act. Id. at 827. The White court stated:
 
 
 5
 The appellants argue that the Sentencing Commission went well beyond its statutory mandate in eliminating probation and thus offended due process. The statutory and constitutional arguments collide: if the Commission had authority to decrease the availability of probation as a sentencing option, there is no contravention of due process. The statute mandates that the Commission "shall insure that the guidelines reflect the appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense...." 28 U.S.C. Sec. 994(j). This provision grants wide discretion to the Commission to determine the appropriateness of probation.
 
 
 6
 Id.; see also United States v. Ortez, 1990 U.S.App. LEXIS 6173 (D.C.Cir. Apr. 24, 1990) (limitations on availability of probation as sentencing option are not inconsistent with enabling legislation). The legislative history further substantiates the breadth of the discretion which Congress gave the Commission to determine the appropriateness of probation. See S.Rep. No. 225, 98th Cong., 2d Sess. 90, reprinted in 1984 U.S.Code Cong. & Admin.News 3182, 3273. It points out that the statute creates no presumption for or against probation because the congressional committee believed that the sentencing guidelines could better delineate the cases in which probation was preferable to imprisonment and vice versa. See id. We find that the Commission acted within its authority in restricting the availability of probation.
 
 
 7
 Walden also challenges the restrictions on the ground that they deprive the district court of the opportunity to consider the totality of the facts and circumstances of each particular case. This is an argument for individualized sentencing which sounds in due process. Although the Supreme Court of the United States has not addressed a due process challenge to the guidelines,[1] this court, in United States v. Pinto, 875 F.2d 143, 144 (7th Cir.1989), while not specifically considering the probation provisions, rejected a challenge to the guidelines on the ground that they violated the due process clause of the fifth amendment because they deprive judges of the power to impose individualized sentences. Pinto forecloses a challenge to the probation restrictions on due process grounds. We note that every court of appeals that has considered this argument has rejected it. See United States v. Thomas, 884 F.2d 540 (10th Cir.1989); United States v. Harris, 876 F.2d 1502 (11th Cir.), cert. denied, 110 S.Ct. 569 (1989); United States v. Bolding, 876 F.2d 21 (4th Cir.1989); United States v. Allen, 873 F.2d 963 (6th Cir.1989); United States v. Seluk, 873 F.2d 15 (1st Cir.1989); United States v. Brittman, 872 F.2d 827 (8th Cir.), cert. denied, 110 S.Ct. 184 (1989); White, 869 F.2d 823; United States v. Vizcaine, 870 F.2d 52 (2d Cir.1989); United States v. Frank, 864 F.2d 992 (3d Cir.1988), cert. denied, 109 S.Ct. 2442 (1989). We also note that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979). See also United States v. Lane, 883 F.2d 56, 57 (8th Cir.1989) (per curiam) (summarily rejecting due process challenge to restrictions on availability of probation citing Greenholtz ).
 
 
 8
 In her reply brief, Walden cites Pinto and changes the tune of her argument, claiming that she is not arguing that she has a right to an individualized sentencing determination, but rather is arguing that "to remove probation from a consideration of the Court, at specific offense level [sic], is unconstitutional and permits cruel and unusual punishment." Walden's argument is essentially that a sentence of seventy-two months of imprisonment, versus one of probation, constitutes cruel and unusual punishment in violation of her eighth amendment rights. In response, we simply quote from our decision in United States v. Savage, 888 F.2d 528 (7th Cir.1989): "Although [defendant] ... maintains that 15 months' imprisonment violates the Cruel and Unusual Punishments Clause of the Eighth Amendment, the amendment is not a source of supervisory authority over the many discretionary distinctions that must be made in implementing a consistent sentencing policy. Imprisonment is neither cruel nor unusual for [defendant's] crime, and fine-tuning the duration of imprisonment is not a function of the Constitution."[2]
 
 
 9
 For these reasons, the judgment of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The Supreme Court in Mistretta v. United States, 488 U.S. 361, ----, 109 S.Ct. 647, 675 (1989), has upheld the constitutionality of the sentencing guidelines on separation of powers and delegation grounds, but was not presented with a challenge on due process grounds
 
 
 [2]
 Walden does not develop her contention that the restrictions on probation violate her right to equal protection; therefore, we need not address it. See Farrell v. Sullivan, 878 F.2d 985, 989 n. 2 (7th Cir.1989) (court need not address issue that appellant fails to brief or argue)