Jorge **SERRANO SEPULVEDA**,
Plaintiff,

v.

**UNITED STATES of America**,
Defendant.

Civ. No. 90–1711 (JP).
Crim. No. 88–0213 (JP).

United States District Court,
D. Puerto Rico.

Jan. 22, 1992.

---

Jorge Serrano Sepúlveda, pro se.

Asst. U.S. Attys. Office, Hato Rey, P.R., for U.S.

ORDER

PIERAS, District Judge.

The Court has before it petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The petitioner challenges the legality of his confinement on the grounds that: his guilty plea was not voluntary; the United States Sentencing Guidelines are unconstitutional; mandatory minimum sentences deprive the Court of necessary sentencing discretion; and that the imposition of a special monetary assessment is illegal. For the reasons stated below, the petitioner's Motion must be denied.

The petitioner's challenge to his guilty plea was also raised in the appeal of his criminal conviction before the First Circuit. The Circuit Court denied his appeal based in part upon the conclusion that the plea of guilty was voluntarily entered into. *United States v. Jorge Serrano Sepúlveda*, No. 89–1345 (1st Cir. June 9, 1989).

[T]he record contains the 10 page petition to enter plea of guilty appellant executed. Therein, appellant stated, among other things, that he had conferred with his attorney, that he was satisfied with the attorney, that he understood the maximum sentence to be 40 years and the minimum to be 10 years, that no threat of any kind had been made causing him to plead guilty, that no one had suggested he would receive a lighter sentence if he pled guilty, and that he was pleading guilty for no other reason than that he was in fact guilty ... Appellant has not given any sufficient reason why he should be permitted to recant these statements, and hence he is bound by them. *Id.* at 2.

■ Similarly, the petition in this case has failed to present a sufficient reason for permitting the petitioner to recant his statements. From what the Court has been able to decipher from the petitioner's Motion, he claims that a letter he wrote at the time of the Change of Plea Hearing, demonstrates that his plea was involuntary. The petitioner does not specify what was in the letter which would have contradicted his Change of Plea Hearing statements. The only letter from the petitioner that the Court formally has on file is a letter of October 3, 1988, regarding a request for return of funds (docket entry #19). Attached to the petitioner's Motion is a photocopy of a letter dated June 1, 1988, which states that some other passenger could have committed the crimes as charged in the indictment. Yet, the petitioner filled out the Petition to Enter Plea of Guilty (docket entry #14) on July 12, 1988, admitting that he committed the crimes as charged in the indictment. As the petitioner affirmed his Petition to Enter Plea of Guilty, under oath at the Change of Plea Hearing of July 12, 1988, the Court has no legitimate reason for viewing the change of plea as involuntary. *United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984) (§ 2255 petition properly denied without evidence where petitioner gave no valid reason why he should be relieved of his statements in his plea petition).

The petitioner's constitutional challenges to the use of the U.S. Sentencing Guidelines and mandatory minimum statutes is also without merit. The First Circuit has specifically stated that "the use of guideline sentencing, then, does not deprive a defendant of his constitutional right to due process." *United States v. La Guardia*, 902 F.2d 1010, 1014 (1st Cir.1990). "Inasmuch as Congress possesses power to determine the degree to which discretion in sentencing exists at all, it could validly employ that power to enact legislation spawning the sentencing guidelines." *Id.* at 1014 (citation omitted). Similarly, in *United States v. Seluk*, 873 F.2d 15, 17 (1st Cir.1989), the First Circuit stated that "[the curtailing of the district court's discretion] is necessary in order to achieve the legitimate goals of the Sentencing Reform Act."

Nor was the sentence imposed cruel and unusual punishment under the Eighth Amendment. In *Harmelin v. Michigan,* — U.S. —, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) the Court upheld a sentence of life imprisonment without parole for possession of 672 grams of cocaine. In the instant case the petitioner was sentenced to 120 months for possession of 14.94 kilo grams of cocaine. When the sentence is considered in light of *Harmelin,* and in light of the fact that the imposed sentence fell within the guideline sentencing range of 97–121 months for a total adjusted offense level of 30, the Court cannot conclude that the sentence amounts to cruel and unusual punishment.

In conclusion, the petitioner alleges that the imposition of the special monetary assessment of $50.00, was unconstitutional. Title 18 U.S.C. § 3013 authorizes the Court to impose a special assessment on convicted persons, in the amount of $50.00 if an individual is convicted of a felony. The petitioner cites *U.S. v. Muñoz–Flores,* 863 F.2d 654 (9th Cir.1988) for the proposition that the special assessment is unconstitutional. Yet, the petitioner fails to note that the case was reversed by the Supreme Court, when it held that the special assessment was not a violation of the Constitution. *United States v. Muñoz–Flores,* 495 U.S. 385, 110 S.Ct. 1964, 109 L.Ed.2d 384 (1990).

Wherefore, in view of the foregoing, the petitioner's Motion to Vacate, Set Aside or Correct Sentence, is hereby DENIED.

IT IS SO ORDERED.