145 F.3d 1342
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Anan Labib LIDDAWI, Defendant-Appellant.
 No. 97-10292.
D.C. No. CR-S-96-009-GEB.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 15, 1998.
Decided May 13, 1998.
As Amended on Denial of Rehearing Aug. 12, 1998.
***
 
 1
 Appeal from the United States District Court for the Eastern District of California, Garland E. Burrell, Jr., District Judge, Presiding.
 
 
 2
 Before NOONAN and TROTT, Circuit Judges, and WALLACH,** Judge for the Court of International Trade.
 
 
 3
 MEMORANDUM*
 
 
 4
 Anan Labib Liddawi ("Liddawi") pleaded guilty to three counts of filing false income tax returns in violation of 26 U.S.C. § 7206(1). Liddawi appeals the district court's conviction and sentencing. He argues that the sentencing court's denial of an evidentiary hearing on the amount of tax loss violated his right to due process and Fed.R.Crim.P. 11(e)(4). He further alleges that the government violated the plea bargain agreement because the government filed a response to his objections to the pre-sentence report. Liddawi also asserts that the district court erred in the calculation of his tax loss. Finally, he maintains that the sentencing guidelines used by the district court violate the sentencing statutes. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 5
 I. The District Court Did Not Err When It Denied Defendant
 
 An Evidentiary Hearing
 
 6
 Liddawi failed to demonstrate that the district court abused its discretion in denying his request for an evidentiary hearing concerning the amount of tax loss. United States v. Robinson, 35 F.3d 442, 450 (9th Cir.1994), cert. denied, 513 U.S. 1197, 115 S.Ct. 1268, 131 L.Ed.2d 146 (1995) (abuse of discretion review). Contrary to defendant's assertion, there is no " 'general right to an evidentiary hearing at sentencing'." United States v. Stein, 127 F.3d 777, 780 (9th Cir.1997) (quoting United States v. Real-Hernandez, 90 F.3d 356, 361 (9th Cir.1996)).
 
 
 7
 Here, Liddawi submitted written objections to the court disputing the amount of tax loss submitted by the government.[1] Although Liddawi filed objections to the pre-sentence report with the court, the court held that no evidentiary hearing was required since Liddawi's objections had no bearing on the amount of tax loss and thus, on sentencing. See infra (rejecting Liddawi's claims that business expenses are included in tax loss calculation); United States v. Roberson, 896 F.2d 388, 391 (9th Cir.1990), amended by, 917 F.2d 1158 (1990) (if defendant fulfills burden of proffering evidence to show factual inaccuracy, court must either make a finding or declare that a finding would be irrelevant to sentencing). Accordingly, "the denial of an evidentiary hearing was not a clear error in judgment because an evidentiary hearing would have had little value." Robinson, 35 F.3d at 450.
 
 
 8
 II. The Government Did Not Violate The Plea Agreement
 
 
 9
 Liddawi argues that the government violated the terms of the plea agreement[2] when it stated, "[t]here being no accounting testimony or evidence to be presented, the defendant's request for an evidentiary hearing on the amount of tax loss should be denied."[3]
 
 
 10
 We review Liddawi's claim of breach of the plea agreement for plain error since Liddawi failed to raise this issue below. See United States v. Robertson, 52 F.3d 789, 791 (9th Cir.1994) (citations omitted) (exceptions may be made when plain error has occurred). "Plain error is error that is clear under the law and that affects substantial rights." United States v. Campbell, 42 F.3d 1199, 1204 (9th Cir.1994), cert. denied, 514 U.S. 1091, 115 S.Ct. 1814, 131 L.Ed.2d 738 (1995). The appellant must also demonstrate that the error was prejudicial. Id.
 
 
 11
 Liddawi has failed to demonstrate any clear or prejudicial error. First, as noted above, there is no "right" to an evidentiary hearing. The government's position stated that its calculation of tax loss amounted to $117,826. The government did not "explicitly" or "clearly" agree not to contest defendant's contrasting tax loss calculation. In addition, the plea agreement itself is unambiguous. It does not guarantee or explicitly state that Liddawi would be entitled to an evidentiary hearing under any circumstance. To the contrary, the fact that Liddawi failed to object below and, in fact, conceded the tax loss calculation at sentencing indicates that Liddawi did not consider the terms of the agreement to have been breached. See Transcript of Judgment and Sentencing, E.R. at 000037-38.
 
 
 12
 Because no violation of the plea bargaining agreement occurred, the district court did not implicitly or explicitly reject the plea agreement. Accordingly, the district court did not fail to advise or afford Liddawi the opportunity to withdraw his guilty plea. Thus no violation of Fed.R.Crim.P. 11(e)(4) occurred.[4]
 
 
 13
 III. The District Court Did Not Err In Its Calculation Of
 
 Liddawi's Tax Loss
 
 14
 We review the district court's interpretation of the sentencing guidelines de novo. United States v. Robinson, 967 F.2d 287, 293 (9th Cir.1992). Factual findings made at sentencing are reviewed for clear error. Id.
 
 
 15
 Liddawi contends that the district court erred in calculating tax loss by using income figured before business expenses were deducted.[5] Liddawi bases his argument on his contention that "gross income" under the sentencing guidelines "must take into account returns and cost of good[s] sold." Defendant's argument is meritless.
 
 
 16
 Tax loss for sentencing purposes is not calculated on the amount the defendant would have owed had he not filed a false return, but "on the amount by which the income was understated on the false tax returns." United States v. Tandon, 111 F.3d 482, 490 (6th Cir.1997). See also United States v. Valentino, 19 F.3d 463, 464-65 (9th Cir.1994) (tax loss in the applicable guidelines refers to income before deductions); United States v. Moore, 997 F.2d 55, 59-62 (5th Cir.1993).[6]
 
 
 17
 IV. The Sentencing Guidelines Do Not Violate the Enabling Statute
 
 
 18
 Finally, Liddawi maintains that the sentencing guidelines used by the district court, § 2T1.3, violates general sentencing statutes 18 U.S.C. §§ 3553[7] and 3661[8] and the underlying enabling statutes 28 U.S.C. §§ 991[9] and 994 (specifying the duties of the commission). Liddawi argues that because 2T1.3 imposes a mandatory 28% tax rate, it prevents individualized sentencing and precludes a defendant's marginal tax rate from ever being considered in sentencing.
 
 
 19
 Liddawi's arguments are flawed and without authority. "[A] sentence under the guidelines continues to be highly 'individualized' under the historically accepted criteria" including "the defendant's criminal history," and "the degree of seriousness of the crime." United States v. Brady, 895 F.2d 538, 540 (9th Cir.1990) (quoting United States v. Seluk, 873 F.2d 15, 17 (1st Cir.1989). Guideline 2T1.3 fulfills this mandate. Application of the mandatory 28% rate to calculate the base offense level is used "to gauge the seriousness of [the] offenses" which determine " 'tax loss' based on the nature and magnitude of the false statements made." U.S. Sentencing Guideline Manual § 2T1.3 commentary at 224 (1992). See Valentino, 19 F.3d at 465 ("purpose of the guideline rules is to measure the size of the lie").
 
 
 20
 Liddawi's marginal tax rate has no bearing whatsoever on the calculation of tax loss in this case. Liddawi's tax rates in his fraudulent returns, 23% (1990), 22% (1991) and 16% (1992), were low because he failed to report additional income. Had Liddawi filed a proper return, his marginal tax rate would have been even higher.
 
 
 21
 Finally, as noted by the government, there is no discussion regarding tax rates of any kind in 28 U.S.C. § 994. Therefore no conflict exists with the sentencing guideline.
 
 
 22
 AFFIRMED.
 
 
 
 **
 * In light of the contemptuous tone of Appellant's petition, the court wishes to reassure counsel that it was not asleep during his presentation
 
 
 **
 The Honorable Evan J. Wallach, Judge for the United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 If the district court allows the defendant to rebut the recommendations and allegations of the pre-sentence report either orally or through submissions of written affidavits or briefs, an evidentiary hearing is not required. United States v. Sarno, 73 F.3d 1470, 1502-03 (9th Cir.1995), cert. denied, 518 U.S. 1020, 116 S.Ct. 2555, 135 L.Ed.2d 1073 (1996)
 
 
 [2]
 The plea agreement states in pertinent part, "[t]he position of the United States is that the tax loss is $117,826. The defendant reserves his right to present evidence as to the actual tax loss for criminal purposes within the range of $0 to $117,826." Supplemental Excerpt of Record at 2
 
 
 [3]
 Government's Response to Defendant's Objections to Pre-Sentence Report, Excerpt of Record ("E.R.") at 000023
 
 
 [4]
 Rule 11(e)(4) states that "if the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact" and "afford the defendant the opportunity to then withdraw the plea."
 
 
 [5]
 Although the government argues for the preclusion of the alleged partnership income and sales tax from the calculation of tax loss, appellant never raised these issues in his briefs, and, therefore, they need not be addressed
 
 
 [6]
 Former counsel for defendant conceded these arguments at the sentencing stating "there were other issues with regard to deductions which I have abandoned, in light of the Valentino decision ... because those are areas which I think are properly within the Ninth Circuit decisions and I think properly should be taken off the ledger sheet."
 
 
 [7]
 18 U.S.C. § 3553 states, in pertinent part, "[t]he court shall impose a sentence sufficient, but not greater than necessary," and "shall consider [inter alia ],--(1) the nature and circumstances of the offense, and the history and characteristics of the defendant...."
 
 
 [8]
 18 U.S.C. § 3661 states, in pertinent part, "[n]o limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense ... for the purpose of imposing an appropriate sentence."
 
 
 [9]
 28 U.S.C. § 991 provides, inter alia, that the purposes of the U.S. Sentencing Commission are to provide certainty and fairness for purposes of sentencing "while maintaining sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices."